IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Case No. 4:20-cr-00016 |
| | ) |
| JOE ALI DANIELS | ) |

## STATEMENT OF FACTS

This Statement of Facts briefly summarizes the facts and circumstances surrounding the criminal conduct at issue in this case. It does not contain all of the information obtained during the investigation and applicable to an accurate Presentence Investigation Report and Sentencing Guidelines Calculation. The Statement of Facts is not protected by proffer agreement or any other agreement, and shall be wholly admissible at trial notwithstanding any rules or statutes to the contrary, including but not limited to, Federal Rules of Evidence 408, 410 and Federal Rule of Criminal Procedure 11, *provided I enter a plea of guilty that the Court accepts.* JAD

On or about May 8, 2019, law enforcement arranged for a confidential informant ("CI") to purchase cocaine from Joe DANIELS in a controlled purchase. The CI and Joe DANIELS arranged for the controlled purchase via cell phone conversations. As arranged between the CI and Joe DANIELS, the CI went to Joe DANIELS' residence in Danville, Virginia, within the Western District of Virginia. When the CI arrived at Joe DANIELS' residence, Joe DANIELS weighed a bag of cocaine and the CI gave Joe DANIELS $650 in exchange for the cocaine. The purchased substance was sent to the laboratory and was determined to be 15.487 grams of powder containing cocaine, a Schedule II substance.

On or about September 4, 2019, law enforcement arranged for the same CI to purchase methamphetamine from Joe DANIELS in a controlled purchase. The CI and Joe DANIELS arranged for the controlled purchase via a series of cell phone conversations in which the CI ordered an ounce of methamphetamine and Joe DANIELS and the CI negotiated a price. As arranged between the CI and Joe DANIELS, the CI went to Joe DANIELS' residence in Danville, Virginia, within the Western District of Virginia. When the CI arrived, Joe DANIELS explained that the methamphetamine had not yet arrived and the CI had to wait for it. Approximately 20 minutes later another male arrived at the residence. Joe DANIELS then brought methamphetamine to the CI, weighed it, and the CI gave Joe DANIELS $900 in exchange for the methamphetamine. The purchased substance was sent to the laboratory and was determined to have a net weight of 27.85 grams, with 98 percent purity, amounting to 27.29

grams of pure methamphetamine, a Schedule II controlled substance.

On or about October 10, 2019, law enforcement arranged for the same CI to purchase methamphetamine from Joe DANIELS in a controlled purchase. The CI and Joe DANIELS arranged for the controlled purchase via a series of cell phone conversations in which the CI ordered an ounce of methamphetamine and Joe DANIELS and the CI negotiated the price. Joe DANIELS then made a series of phone calls and a male arrived at his residence approximately 30 minutes later, staying less than one minute. Three to four minutes after the male's arrival, Joe DANIELS told the CI to come to his residence in Danville, Virginia, within the Western District of Virginia. Joe DANIELS handed the CI a clear bag with methamphetamine. The CI gave Joe DANIELS $950 in exchange for the methamphetamine. The purchased substance was sent to the laboratory and was determined to have a net weight of 27.72 grams, with 100 percent purity, amounting to 27.72 grams of methamphetamine, a Schedule II controlled substance.

## Conclusion

The parties stipulate that the above facts are true and correct, and that had this matter gone to trial, the United States would have proven each of these facts beyond a reasonable doubt by competent and admissible evidence.

The facts described above further demonstrate that on or around May 8, 2019 Joe Daniels did knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. The facts described above further demonstrate that on or about September 4 and October 10, 2019 Joe DANIELS did knowingly and intentionally distribute five grams or more of methamphetamine, a Schedule II controlled substance.

The actions taken by Joe DANIELS as described above were taken willfully, knowingly, and with the specific intent to violate the law. Joe DANIELS did not take those actions by accident, mistake, or with the belief that they did not violate the law. Joe DANIELS acknowledges that the purpose of the foregoing statement of facts is to provide an independent factual basis for his guilty plea.

Respectfully submitted,

*Rachel B Swartz* (signature)
Rachel Barish Swartz
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day, I stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded

to trial, the United States would have proved the same beyond a reasonable doubt.

_____Joe Daniels_____
Joe Ali Daniels
Defendant

I am Joe Ali Daniels' attorney.   I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 5/12/21

_____
Paul Beers, Esq.
Counsel for Defendant